DANIEL M. ORTNER (California State Bar No. 329866)
daniel.ortner@thefire.org
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 717-3473
*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### FRESNO DISTRICT

| | |
|---|---|
| LOREN PALSGAARD, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> SONYA CHRISTIAN, ET AL., <br><br> *Defendants*. | Civil Action No.: <br> 1:23-cv-01228-KES-CDB <br><br> **PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING *JOHNSON V. WATKIN*** <br><br> Judge: The Honorable Kirk E. Sheriff |

Pursuant to this Court's September 30, 2024 order (ECF No. 61), Plaintiffs respectfully submit this supplemental brief on the impact of the Court's recent decision in *Johnson v. Watkin*, No. 1:23-cv-00848, 2024 WL 4264007 (E.D. Cal. Sept. 23, 2024), *appeal filed*, No. 24-608 (9th Cir. Oct. 2, 2024), on the State and District Defendants' pending motions to dismiss this case (ECF Nos. 42, 43) and on Plaintiffs' pending motion for preliminary injunction (ECF No. 13).

## **INTRODUCTION**

Plaintiffs' verified complaint differs materially from the dismissed complaint in *Johnson* in a manner that compels the opposite result, because this case involves the Faculty Contract, a binding district policy that expressly incorporates the vague, speech-restrictive DEIA Rules and Implementation Guidelines. The Faculty Contract makes Plaintiffs' adherence to state-mandated DEIA and anti-racism views mandatory and renders fealty to those views an essential part of Plaintiffs' evaluations, awarded weight equal to their skills teaching course material. Yet

1

Plaintiffs refuse to incorporate Defendants' DEIA and anti-racism ideologies into their lessons and will continue to engage in specific, constitutionally protected classroom and academic speech that implicitly and explicitly opposes the state-mandated viewpoints. Under the DEIA Rules and Implementation Guidelines incorporated into the Faculty Contract (unlike in *Johnson*), Plaintiffs risk serious professional repercussions—up to and including termination—for protected academic speech.

Plaintiffs' academic freedom to teach as their convictions, studies, and pedagogical judgment dictate is thus in peril right now, not at a speculative future time. They accordingly have standing to bring their pre-enforcement challenges to the DEIA Rules and Faculty Contract, and they require a preliminary injunction to protect their First Amendment rights and prevent Defendants from "cast[ing] a pall of orthodoxy over the classroom." *Keyishian v. Bd. of Regents*, 385 U.S. 589, 603 (1967).

**FACTUAL BACKGROUND**

In April 2023, the California Community Colleges enacted the DEIA Rules, requiring faculty to embrace divisive concepts like "anti-racism" and "equity." Verif. Compl. ¶¶ 39–57, ECF No. 1; *id.* Ex. A §§ 52510(d), (i), 53602(c)(6) ;*id.* Ex. B at 4–5; *see also* Cal. Code Regs. tit. 5, § 51201(b) ("Embracing diversity means that we must intentionally practice . . . anti-racism . . . ."). Under the DEIA Rules, the Chancellor of the California Community Colleges must "publish guidance describing DEIA competencies and criteria," which community college districts must "use[] as a reference" to develop "minimum standards" for evaluating employee performance. Verif. Compl. ¶¶ 48–52; *id.* Ex. A § 53601(a)–(b). The Chancellor did so by publishing the Implementation Guidelines, which include the *Competencies and Criteria*, the *Model Principles*, and the *DEIA Glossary*. *Id.* ¶¶ 58–61, 65, 74. *See generally id.* Exs. B, D–E. The DEIA Rules require districts to "adopt policies for the evaluation of employee performance" that "place significant emphasis on" employees' DEIA "proficiency." *Id.* ¶¶ 53–57; *id.* Ex. A § 53602(a), (c)(1), (4). To comply, employees must implement either "locally-developed DEIA competencies or those published by the Chancellor." *Id.* Ex. A § 53602(a).

State Center Community College District, which employs Plaintiffs, opted to adopt the

1  Chancellor's published "guidance describing DEIA competencies" by directly "incorporat[ing]
2  principles from the . . . DEIA regulations" into the Faculty Contract. *Id.* ¶¶ 51, 81–83; Mosier
3  Decl. ¶ 3, ECF No. 24-1. In September 2024, State Center informed faculty that future
4  performance evaluations will include DEIA components based on the Chancellor's guidance,
5  including her "competencies and criteria." *See* Blanken Decl. Ex. A at 2, ECF No. 29-4.

6  Under the Faculty Contract, State Center now assesses faculty based not only on their
7  fulfillment of core teaching requirements like "[k]nowledge of subject matter" and "[e]vidence
8  of course objectives being met," but also on their "demonstration of, or progress
9  toward, . . . DEIA-related competencies and teaching and learning practices that reflect DEIA and
10 anti-racist principles," their "reflect[ion] [of] knowledge of the intersectionality of social
11 identities," and their "recogni[tion] [of] the . . . the psychological, physical, cognitive, and social
12 differences that occur among individuals." Verif. Compl. ¶¶ 85–87; *id.* Ex. F art. 13, § 3(A).
13 Evaluators must give these DEIA-related requirements the same weight as core teaching
14 requirements. *See id.* Ex. F art. 13, § 3(A). The evaluation process also requires Plaintiffs to
15 submit written self-assessments "demonstrat[ing] an understanding of [DEIA] competencies and
16 anti-racist principles, and how they have put those principles into practice to improve equitable
17 student outcomes and course completion." *Id.* ¶ 88; *id.* Ex. F art. 13, § 2(E)(4). Failing to satisfy
18 these requirements could result in adverse employment consequences, up to and including
19 termination. *Id.* ¶¶ 90–95. In short, parroting California's views on DEIA and contested academic
20 concepts like "anti-racism" is now a must, not a may.

21 Plaintiffs brought pre-enforcement First Amendment challenges to the DEIA Rules and
22 Faculty Contract alleging viewpoint discrimination, unconstitutionally compelled speech, prior
23 restraint, overbreadth, and vagueness, and moved for a preliminary injunction. *Id.* ¶¶ 181–322;
24 Mot. Prelim. Inj., ECF No. 13. All Defendants moved to dismiss for lack of Article III standing.
25 State Defs.' Mot. Dismiss 8–13, ECF No. 42-1; District Defs.' Mot. Dismiss 12–16, ECF No. 43.

26 While these motions were pending, the Court dismissed the complaint in *Johnson v.*
27 *Watkin*, a separate challenge to the DEIA Rules brought by an employee of a different community
28 college district which had not incorporated the DEIA Rules or other materials into its faculty

contract or other policies. *Johnson*, 2024 WL 4264007. Although the Court held Johnson alleged his intent to engage in "conduct arguably affected with a constitutional interest," it held he lacked standing because his district had not yet taken steps to implement the DEIA Rules. Based on that decision, the Court denied the preliminary injunction motion pending in *Johnson* as moot. *Id.* The Court granted Plaintiffs leave to file a supplemental brief addressing the impact of the *Johnson* decision on the pending motions in this case. ECF No. 61.

## ARGUMENT

### I. Unlike in *Johnson*, a Local Policy Proscribes Plaintiffs' Constitutionally Protected Speech.

Plaintiffs' claims materially differ from those in *Johnson* in ways that directly impact standing. In *Johnson*, the Court held that without local policies implementing the DEIA Rules and Implementation Guidelines, it could not "determine if any of Johnson's alleged intended conduct would arguably violate them." 2024 WL 4264007, at *23–27. Here, the Court faces no such obstacle—Plaintiffs allege that the Faculty Contract expressly incorporates and implements the DEIA Rules and Implementation Guidelines, including the *Competencies and Criteria*, binding Plaintiffs to their requirements. *Id.* ¶¶ 81–95, 174–80. The Court must accept those allegations as true (and draw all reasonable inferences in Plaintiffs' favor). *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007).[1]

Plaintiffs allege specific ways that their speech "affected with a constitutional interest" is likely to violate the Faculty Contract's requirements. *Johnson*, 2024 WL 4264007, at *21.[2] For instance, they allege they will continue engaging in statements "related to . . . teaching" that they have previously made but which run afoul of the DEIA Rules' and Faculty Contract's requirements. *Demers v. Austin*, 746 F.3d 402, 406 (9th Cir. 2014); *see also Johnson*, 2024 WL 4264007, at *10 ("[P]laintiffs can show that they have a concrete plan to violate the law at issue

---

[1] As to Plaintiffs' motion for preliminary injunction, State Center's own assertions confirm the veracity of these allegations. *See* Blanken Decl. Ex. A; *see also* Mosier Decl. ¶ 3.

[2] Because Plaintiffs also allege that the requirements are impermissibly vague, the Court "must assume that . . . any properly pleaded conduct is arguably proscribed by" the allegedly vague provisions. *Johnson*, 2024 WL 4264007 at *19 (citing *Isaacson v. Mayes*, 84 F.4th 1089, 1099 (9th Cir. 2023)).

when they already violated the law in the past."). Loren Palsgaard will continue assigning books like Martin Luther King, Jr.'s *Letter from Birmingham Jail* and Victor Davis Hanson's *Mexifornia* and will continue showing his students "recorded debates on controversial topics," such as "whether the criminal justice system is systemically racist" and "whether the war on drugs resulted in racially inequitable outcomes," and "encourag[ing] his students to engage in a discussion about" them. Verif. Compl. ¶¶ 117–20. These materials arguably "fail[] to 'promote a race-conscious and intersectional lens'" and are "not . . . adequately 'culturally affirming,'" as the DEIA Rules and Faculty Contract require. *Id.* ¶¶ 144, 299.

Similarly, David Richardson will continue "discuss[ing] race and racism in his classes by examining the contrasting views of" historically prominent civil rights leaders and "teach[ing] controversial facts, such as the existence of black plantation owners and slaveholders in the American Antebellum South." *Id.* ¶¶ 141–44. This speech, too, arguably "run[s] contrary to the mandated 'race-conscious and intersectional lens,' and may not be seen as 'culturally affirming.'" *Id.* ¶¶ 141–44.

And Bill Blanken and Linda de Morales will continue to teach an objective history of chemistry that "focus[es] on the scientists that have made the greatest impact . . . regardless of ethnicity or country of origin" and to reject the mandated "social justice lens." *Id.* ¶¶ 150–53, 156, 160 (Blanken); *accord id.* ¶¶ 161–67, 170, 173 (de Morales). If Plaintiffs continue to assign these materials, encourage vigorous discussion on these topics, or share their views on DEIA issues, they risk being accused of "weaponiz[ing] academic freedom" and "inflict[ing] curricular trauma." *Id.* ¶¶ 13, 115–24, 139–73.[3]

In addition, all Plaintiffs will voice opposition to DEIA viewpoints on their compulsory DEIA self-assessments by "talking about the need for greater charity towards those who see the world differently and for more exposure to different viewpoints," *id.* ¶ 123 (Palsgaard), by stating their belief "that everyone must be treated equally and in a color-blind manner regardless of race

---

[3] As noted in Plaintiffs' letter to the Court on September 25, 2024 (ECF No. 59), Plaintiffs will update the Court on whether James Druley will remain a plaintiff in this case once his future employment status with the district has further clarity.

rather than adopting and promoting [a] race-conscious equity and 'anti-racism' approach," *id.* ¶¶ 158 (Blanken), 172 (de Morales), or by "criticiz[ing] 'equity,' 'intersectionality' and 'anti-racism,'" *id.* ¶ 148 (Richardson). By expressing these views, Plaintiffs risk termination under the Faculty Contract for not "promoting . . . race-conscious[ness]" with sufficient vigor and for failing to "participat[e] in DEI groups, committees, or community activities that promote systemic and cultural change to close equity gaps." *Id.* ¶¶ 63–64, 124, 149, 160, 173, 242–43; *id.* Ex. B. Because Plaintiffs' constitutionally protected decisions to speak (or not) violate the Faculty Contract in many concrete and specific ways, the Court should reach the opposite conclusion that it did in *Johnson*.

II. **Because of the Faculty Contract, a Factor Absent in *Johnson*, Plaintiffs Here Face a Substantial Threat of Enforcement**

Plaintiffs face a substantial threat the DEIA Rules will be enforced against them via the Faculty Contract, a fact absent in *Johnson*. When State Center next evaluates each Plaintiff, it will place "significant emphasis" on" "how they have put" the "[DEIA] competencies and anti-racist principles" they oppose "into practice." *Id.* ¶¶ 83–88, 121–24, 145–49, 154–60, 168–73; *id.* Ex. A § 53602(c)(1), (4); *id.* Ex. F art. 13, §§ 2(E)(4), 3(A). The Faculty Contract requires giving these DEIA requirements the same weight as core teaching requirements like "[k]nowledge of subject matter" and "[a]dherence to institutionally approved course outline." *Id.* ¶¶ 85–86, 121–24, 146–49, 157–60, 168–73; *id.* Ex. F art. 13, § 3(A).

Because Plaintiffs refuse to "betray[] their convictions" and "endorse ideas they find objectionable," *Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, 585 U.S. 878, 893 (2018), they risk being placed on a "plan for improvement," denied a salary increase, disciplined, or terminated. *Id.* ¶¶ 90–95; *id.* Ex. F art. 14, § E; State Ctr. Cmty. Coll. Dist. Admin. Regs. 7123, 7360. Speaking freely in accordance with their views and pedagogical goals will lead to worse overall evaluation ratings than if Plaintiffs toe the government's DEIA line. That violates the First Amendment's guarantee against governmental viewpoint discrimination and betrays academic freedom.

Plaintiffs' verified allegations and the Faculty Contract's plain language demonstrate that

Plaintiffs face a credible threat of harm. This case thus differs materially from *Johnson*, where the Court held the defendant district could credibly claim the plaintiff's speech would not violate its policies, because the district there had not yet adopted and incorporated the DEIA Rules and Implementation Guidelines into its policies. 2024 WL 4264007 at *13. As no such barrier exists to Plaintiffs' claims here, they have standing to bring them.

### III. Plaintiffs are Entitled to a Preliminary Injunction to Prevent the Imminent Enforcement of the DEIA Rules and Faculty Contract.

The court in *Johnson* denied the plaintiff's motion for a preliminary injunction as moot upon granting the motions to dismiss for lack of standing. 2024 WL 4264007, at *2. Unlike the plaintiff in *Johnson*, Plaintiffs here have demonstrated their standing to challenge the DEIA Rules and Faculty Contract. Accordingly, the Court should reach the merits of their motion and enter a preliminary injunction prohibiting enforcement of the DEIA Rules and Faculty Contract against Plaintiffs as necessary to protect their First Amendment rights to engage in "speech related to scholarship and teaching." *Demers*, 746 F.3d at 406. Plaintiffs are likely to succeed on the merits because Defendants cannot justify the "pall of orthodoxy" they wish to cast over State Center and other community college districts. *Keyishian*, 385 U.S. at 603. And only a preliminary injunction can prevent irreparable harm to the Plaintiffs and ensure that the First Amendment will remain the supreme law of the land in California's community colleges.

### CONCLUSION

For the foregoing reasons, the Court should hold Plaintiffs have standing and deny Defendants' motions to dismiss, and grant Plaintiffs' motion for preliminary injunction.

Dated: October 18, 2024

Respectfully submitted,

/s/ Daniel M. Ortner
DANIEL M. ORTNER (California State Bar No. 329866)
daniel.ortner@thefire.org
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 717-3473
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Daniel M. Ortner, hereby certify that on October 18, 2024, I submitted the foregoing to the Clerk of the Court via the District Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to counsel for all Defendants.

/s/ Daniel M. Ortner
DANIEL M. ORTNER